**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

**CASE NO.:  3:23-cv-30124**

MORGAN HOWARTH,

               Plaintiff,

v.

KITCHENS BY HERZENBERG, INC. dba
KITCHENS & BATHS BY HERZENBERG,

               Defendant,

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MORGAN HOWARTH by and through his undersigned counsel, brings this Complaint against Defendant KITCHENS BY HERZENBERG, INC. dba KITCHENS & BATHS BY HERZENBERG for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff MORGAN HOWARTH ("Howarth") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Howarth's original copyrighted Work of authorship.

2.      With his signature style, Howarth creates art out of space using carefully coordinated compositions and lighting. The rich and illustrative look in his architecture photos comes from meticulously combining a multitude of separately lit images into one perfect shot. No matter what, he is willing to take on the challenge, such as turning night into day, winter into summer and dull into exciting. When it comes to bringing out a space's true personality and details, there is no one better. Throughout his lengthy career, Morgan has photographed hundreds

of interiors and exteriors for a host of clients - and has loved every minute of it. Photography has exposed Morgan to beautiful places and creative people, but he still considers the best part of any assignment to be that final "Wow!" from a client.

3.      Defendant KITCHENS BY HERZENBERG, INC. DBA KITCHENS & BATHS BY HERZENBERG ("Herzenberg") has been in the kitchen and bathroom industry since 1949. Their long-standing credo and commitment to their customers has always been founded upon the desire to produce innovative designs, provide quality products, offer exacting expert installation and to maintain an unshakable commitment to customer service. They offer two options when working with them: 1 - A full-service approach, or, 2- A design & materials-only approach. Their business regularly includes kitchens, bathrooms (simple or luxury), as well as family rooms, custom bedrooms & closets, and more.   At all times relevant herein, Herzenberg owned and operated the internet website located at the URL https://www.kitchensbyherzenberg.com/ (the "Website").

4.      Howarth alleges that Defendant copied his copyrighted Work from the internet to advertise, market and promote its business activities.  Herzenberg committed the violations alleged in connection with its business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in Massachusetts.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Herzenberg engaged in

infringement in this district, Herzenberg resides in this district, and Herzenberg is subject to personal jurisdiction in this district.

### DEFENDANT

9.      Kitchens by Herzenberg, Inc. dba Kitchens & Baths By Herzenberg is a Massachusetts Corporation, with its principal place of business at 1 South End Bridge Circle, Agawam, Massachusetts, 01001, and can be served by serving its Registered Agent, Yvonne L. Marcyoniak at the same address.

### THE COPYRIGHTED WORK AT ISSUE

10.     In 1997, Howarth created the photograph entitled "5114_Brookview_Master_Bath_1_F_Painting.jpg," which is shown below and referred to herein as the "Work".



11.     Howarth registered the Work with the Register of Copyrights on August 29, 2014, and was assigned registration number VA 1-958-896.  The Certificate of Registration is attached hereto as **Exhibit 1**.

12.     Howarth published the Work on September 26, 2013, by displaying it on his Artist Website at https://www.morganhowarth.com/image/I0000tShAD1PoHo0 (the "Artist Website"). At the time he published the Work on the Artist Website and at all times thereafter, Howarth displayed his Copyright Information beside the Work. A link explaining the licensing and terms to the public was also available through his Licensing and Terms page of the Artist Website.[1]

13.     Howarth's display of the Work on the Artist Website also included copyright management information ("CMI") next to the Work in the form of Howarth's name, copyright notice, and the link to the licensing terms (collectively the "Atributions").

14.     Howarth's Work is protected by copyright but was not otherwise confidential proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

15.     At all relevant times Howarth was the owner of the copyrighted Work.

## <u>INFRINGEMENT BY HERZENBERG</u>

16.     Herzenberg has never been licensed to use the Work for any purpose.

17.     On a date after the Work was created, but prior to the filing of this action, Herzenberg copied the Work.

---

[1] https://www.morganhowarth.com/p/licensing-and-terms

18.     On or about December 1, 2022, Howarth discovered the unauthorized use of his Work on the Website. The Work was included in a series of pictures that were being used as examples of designs in kitchens and bathrooms from previous customers.

19.     Herzenberg copied Howarth's Work without permission or authority.

20.     After Herzenberg copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its kitchen and bathroom renovation business.

21.     Herzenberg copied and distributed Howarth's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

22.     Herzenberg committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23.     Howarth never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

24.     Howarth notified Herzenberg of the allegations set forth herein on February 27, 2023 and May 17, 2023.  To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

25.     Howarth incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     Howarth owns a valid copyright in the Work at issue in this case.

27.     Howarth registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28.     Herzenberg copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Howarth's authorization in violation of 17 U.S.C. § 501.

29.     Herzenberg performed the acts alleged in the course and scope of its business activities.

30.     Defendant's acts were willful.

31.     Howarth has been damaged.

32.     The harm caused to Howarth has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

33.     Howarth incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

34.     The Work contains copyright management information ("CMI") in the form of the Attributions on the Artist Website.

35.     Herzenberg knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

36.     Herzenberg distributed the Work to the Website knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

37.     Herzenberg committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Howarth's rights in the Work.

38.     Herzenberg caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Howarth's rights in the Work at issue in this action protected under the Copyright Act.

39.     Howarth has been damaged.

40.     The harm caused to Howarth has been irreparable.

WHEREFORE, the Plaintiff MORGAN HOWARTH prays for judgment against the

Defendant KITCHENS BY HERZENBERG, INC. dba KITCHENS & BATHS BY

HERZENBERG that:

a.     Herzenberg and its officers, agents, servants, employees, affiliated entities,

and all of those in active concert with them, be preliminarily and permanently enjoined

from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b.     Herzenberg be required to pay Howarth his actual damages and

Defendant's profits attributable to the infringement, or, at Howarth's election, statutory

damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.     Howarth be awarded his attorneys' fees and costs of suit under the

applicable statutes sued upon;

d.     Howarth be awarded pre- and post-judgment interest; and

e.     Howarth be awarded such other and further relief as the Court deems just

and proper.

## <u>JURY DEMAND</u>

Howarth hereby demands a trial by jury of all issues so triable.

DATED: November 20, 2023                Respectfully submitted,

                                        *s/ Eliezer Lekht*
                                        ELIEZER LEKHT BBO 712164
                                        elekht@tarterkrinsky.com

                                        **Tarter Krinsky & Drogan**
                                        1350 Broadway
                                        New York, NY 10018
                                        212.216.8000 – Telephone
                                        212.216.8001 – Facsimile

                                        *Counsel for Plaintiff Morgan Howarth*

7